**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| LEONIDA GUZMAN <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br>     PLAINTIFF <br> v. <br><br> CANTHO RESTAURANT, INC. <br> D/B/A HUONG VIET RESTAURANT <br> 6785 Wilson Boulevard <br> Falls Church, Virginia 22044 <br><br>   SERVE:  Gia Ngoc-Hoang Huynh <br>                7203 Quiet Cove <br>                Annandale, Virginia 22003 <br><br>     DEFENDANT | Case No.: |

## COMPLAINT

Plaintiff Leonida Guzman ("Plaintiff") brings this action against Cantho Restaurant, Inc. d/b/a Huong Viet Restaurant ("Defendant") for unpaid wages, statutory liquidated damages, and other relief relating to and arising out of Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). In support of his claim, Plaintiff states the following:

## OVERVIEW

1. Plaintiff brings this claim against Defendant to recover unpaid overtime compensation, statutory liquidated damages, and attorney's fees and costs under the FLSA.

2. As described below, Defendant failed to pay Plaintiff premium overtime wages at the rate of 1.5x Plaintiff's regular hourly rate for all work Plaintiff performed over forty (40) hours per week.

3. By acting as the named plaintiff in this action, Plaintiff does hereby affirm, in writing, his consent to recover unpaid wages and damages against Defendant under the FLSA.

## THE PARTIES

4. Plaintiff is an adult resident of the Commonwealth of Virginia.

5. Defendant is a corporation formed under the laws of the Commonwealth of Virginia.

6. At all times relevant to this action, Defendant operated the Huong Viet Restaurant, a restaurant featuring Vietnamese and pan-Asian style cuisine in Falls Church, Virginia.

7. During the period of Plaintiff's employment, Defendant sold food and beverages to the public that passed in interstate commerce.

8. During the period of Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

9. In each year relevant to this action, Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

10. At all relevevant times, Defendant qualified as Plaintiff's "employer" within the meaning of the FLSA.

11. At all times relevant to this action, Plaintiff and his co-workers were individual employees of Defendant that were engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

12. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

14. This Court has personal jurisdiction over Defendant because Defendant regularly conduct business in Fairfax County, Virginia, a geographic region of the Eastern District of Virginia.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant operates its restaurant business operation within this District, and under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this District.

## FACTS

16. Plaintiff was employed by Defendant at its Huong Viet Restaurant as a busboy and general restaurant employee (performing labor and cleaning duties as needed) during the period of about 2012 through about March 16, 2020.

17. While employed, Plaintiff customarily worked 6 days per week from about 10:00 AM until about 10:00 PM.

18. While employed, Plaintiff worked, on average, about 72 hours per week.

19. At no time did Defendant track or otherwise keep or maintain accurate or reliable records of all hours Plaintiff worked each week.

20. At all times, Defendant had actual knowledge that Plaintiff worked, on average, about 72 hours per week.

21. At all times, Defendant suffered or permitted Plaintiff to work, on average, about 72 hours per week.

22. While employed, Defendant paid Plaintiff a flat semi-monthly salary of $1,100.00.

23. While employed, Defendant paid Plaintiff his semi-monthly salary exclusively in cash.

24. The salary Defendant paid to Plaintiff did not include time-and-one-half premium overtime wages for work Plaintiff performed over forty (40) hours per week.

25. Defendant's failure to pay Plaintiff overtime wages time-and-one-half overtime rate required by the FLSA is in direct violation of the FLSA overtime compensation requirements.

26. Defendant now owes Plaintiff his "half time" overtime wage premium for all overtime Plaintiff worked over forty (40) hours per week.

27. For the 3-year FLSA statutory recovery period, Defendant owes Plaintiff unpaid overtime wages in the amount of about $14,000.00.

28. At all times relevant, Defendant posted a notice at the Huong Viet Restaurant that was visible to Defendant's ownership and Defendant's employees, including Plaintiff, that explained the FLSA requires Defendant's employees working more than 40 hours per week must be paid at the time-and-one-half rate for overtime worked over forty (40) hours per week.

29. At all times relevant to this action, Defendant had actual knowledge of the FLSA time-and-one-half overtime compensation requirement.

30. At all times relevant to this action, Defendant had actual knowledge that the rate and method by which it paid Plaintiff was in violation of the FLSA.

31. At all times relevant to this action, Defendant had actual knowledge that its failure to pay Plaintiff at the FLSA required time-and-one-half rate for all overtime hours Plaintiff worked more than (40) per week constituted a violation of the FLSA overtime pay requirement.

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34. Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

35. Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff proper overtime compensation for all overtime worked over forty (40) hours per week in violation of the FLSA.

36. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

37. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages in an equal amount to unpaid overtime wages owed, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Judgment against Defendant for violation of the overtime provisions of the FLSA;

B. Judgment against Defendant that its violation of the overtime provision of the FLSA was not the product of good faith;

    C.    An award to Plaintiff in the amount of unpaid overtime wages due and owing to Plaintiff and liquidated damages in an equal amount;

    D.    An award of any pre- and post-judgment interest;

    E.    An award of reasonable attorneys' fees (at hourly rates in line with the Vienna Metro Matrix) and costs to be determined by post-trial petition; and

    F.    Such further relief as may be necessary and appropriate.

Dated: February 1, 2021

Respectfully Submitted:

_____
Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue., Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff*