# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| LEONIDA GUZMAN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:21-cv-116-AJT-JFA |
| ) | |
| CANTHO RESTAURANT, INC. ) | |
| ) | |
| Defendant ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, Defendant, Cantho Restaurant, Inc., ("Defendant"), by and through their counsel of record and hereby files this opposition to Plaintiff's Motion for Partial Summary Judgment in relation to the alleged claims made by Plaintiff under the Fair Labor Standards Act ("FLSA"), based upon the following:

## LEGAL STANDARD

Pursuant to Rule 56(c)(1) of the Fed. R. of Civ. P., Plaintiff's motion for summary judgment should be denied since a genuine dispute exists as to many of the material facts which are determinative of either party's claims or defenses in this matter. Defendant supports these factual disputes by citing to materials currently in the record including the interrogatory answers of the defendant's corporate designee.  Furthermore, materials cited by the Plaintiff in the Motion for Partial Summary Judgment directly contradict Defendant's allegations, recollection of facts, and potential witness testimony that would need to be presented to the trier of fact to determine

1

the credibility and weight of each side's arguments. Since many material facts are disputed and are an essential component to determining any potential violation of the FLSA in this matter and based upon the plain reading of Rule 56 for summary judgment, Plaintiff's Motion for Partial Summary Judgment should be dismissed. Defendant denies and also issues objections to certain disputed facts that have been stated or claimed in this matter.

## STATEMENT OF FACTS

1. Defendant disputes and objects to the Plaintiff's alleged claim of the number of hours he worked per week.

2. Defendant agrees that it paid plaintiff a semi - monthly salary of $1,200.00.

3. Defendant objects to and denies that it failed to pay plaintiff the equivalent of at time and one-half overtime compensation rate required by the FSLA.

4. Defendant objects to and denies that it owes Plaintiff any unpaid "half-time" overtime wages.

5. Defendant objects to and denies that its FLSA overtime compensation violates any portion of the FLSA, and if found that it was in violation, Defendant maintains and reasons that any violation was merely a product of excusable good faith as recognized under the FLSA, and therefore, statutory liquidated damages are not due and owing by the Defendant.

7. Defendant's Interrogatory Response No. 2, demonstrates that the Plaintiff received an hour break for lunch, an hour break for dinner, and a thirty-minute break each day he worked. <u>Exhibit A</u>. Defendant estimates that the Plaintiff also had from approximately 2:00 p.m. until 5:00 p.m. each day, when he was allowed to take any type of break he wanted, leave the premises, be on his phone, and essentially conduct any type of unsupervised, unrelated work activity including but not limited to leaving the premises during that time. These facts are

supported by the sworn testimony of the Manager, Nghia Trieu.  <u>Exhibit B</u>.  Defendant also consulted with their account in determining wages due under the FLSA, Interrogatory Response No. 6.  <u>Exhibit B</u>.

8.  Therefore, with consideration for the two 1-hour meal breaks and one thirty-minute break provided each day that Defendant worked and the daily break between 2:00 p.m. and 5:00 p.m., Defendant estimates that the Plaintiff worked less than 40 hours per week instead of the alleged 66 hours. This is clearly more than a scintilla of evidence which goes to the essential facts and analysis under the FLSA.

## ARGUEMENT

In reviewing the motion in opposition to summary judgment, Defendant objects to and disputes that the Plaintiff is entitled to partial summary judgment, since Defendant provided an additional and new evidence supporting the disputes between the Plaintiff and Defendant regarding the number of hours the Plaintiff worked daily. Defendant has shown a genuine dispute as to the number of hours worked by the plaintiff, and therefore challenges the claims that the Plaintiff was underpaid for any overtime hours, and that if any violation is or were to be found, that Defendant maintains its defense or right to invoke its defense under the FLSA of an excusable good faith as recognized under this law, and therefore is not liable for any statutorily mandated liquidated damages.

The Plaintiff has the burden of proof to show that there is no genuine dispute of material fact, however, Defendant has provided relevant information that contradicts Plaintiff's claims in his motion for summary judgment.  There are general and genuine material disputes of fact in this matter that the trier of fact will need to determine the weight and credibility of supporting testimony in order reach a final decision.  Therefore, it is inappropriate at this time for the Court

to find in favor of the Plaintiff because more than a scintilla of evidence has been presented discrediting the Plaintiff's claim, and Defendant has introduced evidence to show that there are genuine disputes of material fact in this matter.

Defendant also contends that the hourly calculation applied by Plaintiff is inappropriate and is more accurately calculated under 29 C.F.R. § 778.113(b) rather than 29 C.F.R. § 778.109, which is likely an issue for the trier of fact to decide. If the Court determines that Defendant has failed to properly support, deny, or object to any material fact relevant in making its final determination on the motion for partial summary judgment, Defendant preemptively request an opportunity to further investigate and provide proper supplementation to address any fact that is considered in any final determination in awarding Plaintiff's Motion for Summary Judgment. Defendant makes this request under the FLSA and on the basis that discovery is still open and ongoing in this matter and there no undue or unfair prejudice of the Plaintiff.

Wherefore, Defendant opposes Plaintiff's Motion for Partial Summary Judgment and respectfully requests dismissal by the Court, since the basic facts of the case are disputed and constitute the Plaintiff's entire claim and Defendant's defenses under the FLSA. Defendant requests that Plaintiff's Motion for Partial Summary Judgment be denied and dismissed, finding that Defendant has not violated the FLSA and has properly paid Plaintiff all compensation due or alternatively, that this dispute requires the trier of the fact's analysis in order to make a final determination. If there is any area where the Court finds that the Defendant at this time has legitimately violated the FLSA under the Plaintiff's Motion for Partial Summary Judgment, then Defendant request a further hearing on any violation(s) as a product of excusable good faith by the Defendant. Defendant objects to any post-judgment Petition for an Award of attorney's fees

and since Defendant has shown that there is more than a scintilla of evidence that the issues and facts of this case are in dispute and that the Motion for Partial Summary Judgment is denied.

        Respectfully submitted,

        CANTHO RESTAURANT, INC.
        By_____/s/_____
        Tara B. Keller, VSB #91986
        DMV Law Center & Associates
        8770 Richmond Hwy, 2nd Floor
        Alexandria, VA 22309
        Telephone: (703) 360-2300
        Facsimile:  (703) 360-2301
        Email: tbk@tarakeller.com
        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/EDF system in this action as follows:

Gregg C. Greenberg, VA Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Telephone: (301) 578 – 9373
Facsimile: (240) 839 – 9142
Email:  ggreenberg@sagfirm.com
*Counsel for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| LEONIDA GUZMAN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 1:21-cv-116-AJT-JFA |
| | * | |
| CANTHO RESTAURANT, INC. | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Cantho Restaurant, Inc., hereby submits its answers and responses as set for below:

### INTERROGATORY RESPONSES

1. Identify each individual and/or entity that operated as or otherwise held a financial interest in Cantho Restaurant, Inc. d/b/a Huong Viet Restaurant during the period 2018 through the present. For each entity listed, identify: (a) the ownership, management, or operational role each identified individual and/or entity had and (b) every individual and/or entity who is or was involved in the management and/or supervision activities of ~~Banana Leaves Bethesda~~ Cantho Restaurant, Inc. d/b/a Huong Viet Restaurant during the period 2018 through the present.

**RESPONSE**:

Gia Huynh is President with 100% ownership of Huong Viet Restaurant. Gia is responsible for everyday operation of the restaurant. In addition, Nghia Trieu is the Manager and oversees the customer's service interaction, in charge with scheduling waiting staff, and works with wait staff team to maximize the best customer service.

Exhibit A

This response was prepared by Gia Huynh, President of Cantho Restaurant, Inc., dba Huong Viet Restaurant, who manages the day-to-day operations of the business and the information provided is from his knowledge of the business.

2.   For the period 2018 through the present, separately state by week, the total hours Plaintiff worked or performed duties for the benefit of Cantho Restaurant, Inc. d/b/a Huong Viet Restaurant.

**RESPONSE:**

Plaintiff worked 6 days a week and total of 51 hours a week. Our restaurant opens 10am to 9pm. Waiting staff were allowed .5 hour of breakfast, 1 hour of lunch, and 1 hour of dinner. Plaintiff worked 40 regular hours and 11 overtime hours a week. In addition, Plaintiff was also given plenty of breaktime daily between 3pm to 5pm, where the Plaintiff can leave the premise of workplace.

10Am – 9PM (11 hours less .5 break, 1hr lunch, 1 dinner) = 8.5 hours a day

8.5 hrs/day x 6 days = 51 hours/week

40 regular hour and 11 overtime hour a week

This response was prepared by Gia Huynh, President of Cantho Restaurant, Inc., dba Huong Viet Restaurant, who manages the day-to-day operations of the business and the information provided is from his knowledge of the business.

3.   For the period 2018 through the present, separately state by week, the total amount of compensation Cantho Restaurant, Inc. d/b/a Huong Viet Restaurant paid to Plaintiff. In your response, set forth and explain the nature of each component of compensation paid (e.g., wages, bonuses, etc.) and the calculation you used for each component of compensation paid

Exhibit A

This response was prepared by Gia Huynh, President of Cantho Restaurant, Inc., dba Huong Viet Restaurant, who manages the day-to-day operations of the business and the information provided is from his knowledge of the business.

6. Identify all witnesses, including expert witnesses, whom you intend to call at trial or whose testimony you intend to rely, stating the facts upon which you expect him/her to testify or upon which you otherwise intend to rely.

- Gia Huynh (President) 7203 Quiet Cove, Annandale, VA 22003 Phone: 571-294-4317 DOB: 7/14/1977  Email: miterzia@yahoo.com.  This witness has knowledge of the Plaintiff's work schedule, duties, and payroll.

- Nghia Trieu (Manager) 3475 Pence Court, Annandale, VA, 22003 Phone: 571-275-4124 DOB: 5/14/1961 Email: nghiatrieu61@yahoo.com.  This witness has knowledge of the Plaintiff's work schedule, duties, and payroll.

- Huong Son (Chef Cook) 3805 Hummer Road., Annandale, VA 22033 Phone: 571-422-9963 DOB: 3/21/1950.  This witness has knowledge of the Plaintiff's work schedule, duties, and payroll.

- Tuan Le (Wait Staff) 10270 Colony Park Dr., Fairfax, VA 22032 Phone: 571-236-7327 DOB: 2/28/1969

- Hoa Nguyen (Wait Staff) 6223 Wilson Blvd., Apt. 202, Falls Church, VA 22044 Phone: 202-445-9691  DOB 11/15/1967

- Dung Tran (Wait Staff) 6733 Gouthier Rd., Falls Church, VA 22042 Phone: 571-326-6095  DOB 2/25/1987

- Phieu Ly (Wait Staff) 4736 Kandel Ct., Annandale, VA 2203 Phone: 571-230-8693 DOB 12/6/1980

- Hoai Duong (Wait Staff) 4020 Hirst Dr., Annandale, VA 22003 Phone: 571-385-9201 DOB 12/25/1976

- Trien Hong (Wait Staff) 6609 Westlawn Dr., Falls Church, VA 22642 Phone: 669-255-8627   DOB: 3/1/1974

Business Address and Phone:

6785 Wilson Blvd., Falls Church, VA 22044

703-538-7110

- Lee Emerson (Accountant) 6400 Seven Corners Place, Falls Church, VA 22044.  Phone: 703-237-5404

This response was prepared by Gia Huynh, President of Cantho Restaurant, Inc., dba Huong Viet Restaurant, who manages the day-to-day operations of the business and the information provided is from his knowledge of the business.

7. What fact(s) or circumstance(s) do you contend support Defendant's position, if it is Defendant's position, that Defendant is not a covered "employer" under the FLSA and/or Plaintiff is not a covered "employee" under the FLSA. In your response,

(a) identify each fact and/or circumstance,

(b) summarize why each fact or circumstance eliminates FLSA coverage,

(c) identify the witnesses that have knowledge of each fact and/or circumstance identified, and

(d) identify any documents that relate to any identified fact and/or circumstance.

**RESPONSE:**

Defendant asserts it complied with the FLSA. Plaintiff received semi-monthly of $1,200, which is more than the requirements of the Federal Fair Labor Standard Act (FLSA). Defendant

## AFFIDAVIT

COMES NOW, Gia Huynh and with regard to the Answers to the Interrogatories states:

I hereby certify that the attached Defendant's Answers to the Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
Gia Huynh
President of Cantho Restaurant, Inc., dba Huong Viet Restaurant

STATE OF __Virginia__

CITY/COUNTY OF _____, to-wit:

This __21__ day of __April__, 2021, personally appeared before me, the undersigned Notary Public, **Gia Huynh**, in the above-referenced matter, and made oath that the foregoing answers to Interrogatories are true and correct to the best of his knowledge and belief.

_____
Notary Public

My Commission Expires: __3/31/2023__

Notary Registration #: __7851999__

```
TARA BOEN KELLER
Notary Public
Commonwealth of Virginia
Registration No. 7851999
My Commission Expires Mar 31, 2023
```

15

Exhibit A

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| LEONIDA GUZMAN )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CANTHO RESTAURANT, INC. )<br>)<br>    Defendant ) | Case No. 1:21-cv-116-AJT-JFA |

**AFFIDAVIT OF NGHIA TRIEU**

I, NGHIA TRIEU, hereby swear ad declare under penalty of perjury that the following is tru and correct to the best of my knowledge and belief:

1.  I, NGHIA TRIEU, a manager at Cantho Restaurant, Inc., d/b/a/ Huong Viet Restaurant.

2.  I personally supervised and observed the Plaintiff while he was employed by Huong Viet Restaurant.

3.  The Plaintiff in this matter, Leonida Guzman, typically arrived to work at approximately 10:00 a.m. every day.

4.  The Plaintiff typically left work at approximately 9:00 p.m. each evening.

5.  The Plaintiff typically worked six days per week.

6.  The Plaintiff received a 1-hour break for lunch and a 1-hour break for dinner each day he worked. The value of each meal per day was $10.00.

7.  The Plaintiff was paid twice a month in the amount of $1,200.00, for a total of $2,400.00 per month.

Exhibit B

8. The Plaintiff also had a daily break from approximately 2:00 p.m. to 5:00 p.m. each afternoon and was allowed to leave the premises, be outside of the restaurant, run errands, use his phone, and in general, be anywhere that he liked in or outside of the restaurant.

I certify under penalty of perjury and pursuant to the law of the state of Maryland that the preceding is true and correct.

_____
Nghia Trieu

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX, to-wit**:

Subscribed, sworn and acknowledged before me by the above named individual this 11 day of June, 2021.

_____
NOTARY PUBLIC

My Commission Expires: 08/31/2023

JAVON LEE PORTER
NOTARY PUBLIC
REG. #7820909
MY COMMISSION EXPIRES 08/31/2023
COMMONWEALTH OF VIRGINIA

Exhibit B